**Opinion filed August 13, 2009**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-08-00100-CR & 11-08-00101-CR

_____

## HIPOLITO ZARATE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause Nos. CR120,226 & CR120,227**

## M E M O R A N D U M   O P I N I O N

The jury convicted Hipolito Zarate of the offenses of resisting arrest and driving while intoxicated. The jury assessed punishment for the offense of resisting arrest (our Cause No. 11-08-00100-CR) at confinement for one year in the county jail and a fine of $1,000. The jury assessed punishment for the DWI offense (our Cause No. 11-08-00101-CR) at confinement for six months in the county jail and a fine of $2,000. In accordance with the jury's verdicts, the trial court suspended the imposition of the confinement portion of both sentences and the fine portion of the

DWI sentence and placed appellant on community supervision for two years. The judgments reflect that the sentences are to run concurrently. We affirm.

Appellant presents three issues for review. In the first issue, he challenges the legal and factual sufficiency of the evidence identifying appellant as the person who committed the DWI. In the second issue, appellant asserts that the evidence is legally and factually insufficient to support a conviction for "evading arrest/detention."[1] In his final issue, appellant argues that his due process rights were violated when the trial court prohibited him from writing notes during the proceedings.

We will apply the following well-recognized standards of review to appellant's sufficiency challenges. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

The record shows that Kelly Hinsley was driving her Mini Cooper on the night of December 14, 2007, when she noticed a blue Chevrolet pickup driving erratically. Hinsley testified that the pickup almost hit her car twice, that it made two wide left turns and then came back into the left-hand lane, that it was weaving, that it crossed the center line at least three times, that it was speeding, and that it almost hit a pedestrian. Hinsley called 911 and reported what she had observed. During the 911 call, Hinsley reported that the license plate number of the pickup was 3WHJ01. A recording of the call was admitted into evidence. Hinsley testified that she followed the pickup until a police officer pulled it over.

---

[1] We note that appellant was charged with and convicted of the offense of resisting arrest as found in TEX. PENAL CODE ANN. § 38.03 (Vernon 2003), not the offense of evading arrest or detention as found in TEX. PENAL CODE ANN. § 38.04 (Vernon 2003). We will address the legal and factual sufficiency of the evidence with respect to the offense of which appellant was actually convicted.

Officer John Chandler was dispatched to investigate a "possibly intoxicated" driver. Dispatch gave him the location and the license plate number that Hinsley had reported. Officer Chandler located a blue Chevrolet pickup matching Hinsley's description and observed that the license plate number matched. Shortly after Officer Chandler first noticed the pickup, it pulled over in front of a house, causing Officer Chandler to initiate a traffic stop without observing appellant drive very far. Officer Chandler identified appellant as the driver and sole occupant of that pickup.

Officer Chandler instructed appellant to stay in his vehicle, but appellant exited and refused to comply with the officer's instructions to get back in the pickup. Officer Chandler could smell a "pretty strong odor" of an alcoholic beverage coming from appellant's person, and he asked appellant to perform the horizontal gaze nystagmus test, a standardized field sobriety test. Appellant kept turning his head and otherwise refused to allow the officer to perform the test. Officer Chandler noticed additionally that appellant's speech was slurred and that his eyes were glazed over. Officer Chandler determined that appellant was intoxicated and had been driving while intoxicated, and he asked appellant to turn around to be handcuffed.

Once appellant was turned around and a pat-down initiated, Officer Chandler noticed that appellant tensed up "real tight." Sensing some resistance, Officer Chandler called for backup. Officer Chandler proceeded to place one handcuff on appellant's left wrist and then appellant pulled away, resisting the officer's attempt to place appellant under arrest. A scuffle ensued. During the scuffle, appellant "took a swing at [the officer] knocking [his] glasses off." Officer Chandler testified that he informed appellant several times not to resist but that appellant continued to resist. Officer Chandler performed a second leg sweep of appellant and then pinned him down, with assistance from a bystander, until backup arrived. Upon the arrival of backup, appellant was arrested and taken to jail, where he refused to give a breath specimen for the intoxilyzer and was otherwise uncooperative. Appellant also indicated that he had not been driving.

We hold that the evidence is both legally and factually sufficient to support appellant's convictions for driving while intoxicated and resisting arrest. Appellant's identity as the driver of the blue pickup that Hinsley saw was confirmed by the matching license plate. The erratic driving described by Hinsley, the observations of appellant described by Officer Chandler, and appellant's refusal to give a breath specimen together constitute sufficient evidence to show that appellant was

3

driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). Furthermore, the evidence also showed that appellant resisted arrest when, by use of force, he obstructed Officer Chandler from effecting an arrest. *See* Section 38.03. Appellant's first and second issues are overruled.

In his final issue, appellant contends that the trial court infringed upon his due process rights by ordering appellant not to write or take notes during the proceedings. The record, however, does not support appellant's contention. There is nothing in the record indicating that the trial court prohibited appellant from writing or taking notes during trial. The trial court did, outside the jury's presence, note that both the trial court and the bailiff had seen appellant write down Hinsley's address while she was testifying. The trial court informed defense counsel that it would not "put up with any form of intimidation to this witness" and requested counsel to inform appellant about the felonious implications of intimidating a witness. The record affirmatively reveals that appellant wrote down a witness's address and, thus, that he was not prohibited from writing or taking notes. Appellant's third issue is overruled.

The judgments of the trial court are affirmed.


TERRY McCALL
JUSTICE


August 13, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.


4